THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **WILLIAM CAPERS, JR.**<br>**DANA CAPERS,**<br>160 Somerset Drive<br>Blue Bell, PA 19422,<br><br>**PITTER PATTER LEARNING CENTER, LLC, THE CAPERS COMPANY, LLC, THE OLDE CITY DAY SCHOOL, LLC, OLDE CITY DAY SCHOOL 1930 SOUTH BROAD STREET, LLC,**<br>5534 Pulaski Ave.<br>Philadelphia, PA 19145,<br><br>*Plaintiffs*,<br><br>v.<br><br>**KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC,**<br>3415 Box Hill Corporate Center Drive<br>Abingdon, MD 21009,<br><br>**Serve:**  Michael J. Miller<br>         3415 Box Hill Corporate Center Drive<br>         Abington, MD 21009,<br><br>*Defendant*. | Case No.: _____ |

## COMPLAINT FOR DECLARATORY RELEIF

William Capers, Jr. ("Mr. Capers"), Dana Capers, ("Mrs. Capers"), Pitter Patter Learning Center, LLC ("Pitter Patter"),The Capers Company, LLC ("Capers Company"), The Olde City Day School, LLC ("Olde City Day School"), and Olde City Day School 1930 South Broad Street, LLC ("Old City Day School 1930") (collectively, the "Capers Parties" or "Plaintiffs"), by and through their undersigned counsel, Buchanan Ingersoll & Rooney PC, file the within Complaint against Defendant Kiddie Academy Domestic Franchising, LLC ("Kiddie Academy"), and avers as follows:

## NATURE OF THE ACTION

1. This action for declaratory relief seeks to free Mr. and Mrs. Capers—small business owners with locations in Philadelphia, Pennsylvania—from a restrictive covenant that has unlawfully stifled their ability to grow the businesses they own in the areas surrounding their home.

2. The restrictive covenant, contained in a settlement agreement ("the Agreement") between the Capers Parties and Defendant Kiddie Academy Domestic Franchising, LLC ("Kiddie Academy"), is unenforceable because it forbids any new competitive activity by the Capers Parties for an unlimited term (and even seeks to further extend the term to the lives of Mr. and Mrs. Capers' children).

3. Almost four years have passed since the execution of the Agreement, yet Kiddie Academy refuses to lift its unlawful restriction and allow the Capers Parties to pursue a new opportunity to expand in Philadelphia and Montgomery County.

4. In light of Kiddie Academy's continued enforcement of the restrictive covenant, the Capers Parties now seek a ruling from this Court as to the validity of the restrictive covenant contained in the Agreement.

## THE PARTIES

5. Mr. Caper is an adult individual residing at 160 Somerset Drive, Blue Bell, PA 19422.

6. Mrs. Capers is an adult individual residing at 160 Somerset Drive, Blue Bell, PA 19422.

7. Pitter Patter is a foreign corporation with a principal place of business at 5534 Pulaski Ave., Philadelphia, PA 19145.

8. The Capers Company is a foreign corporation with a principal place of business at 5534 Pulaski Ave., Philadelphia, PA 19145.

9. Olde City Day School is a foreign corporation with a principal place of business at 5534 Pulaski Ave., Philadelphia, PA 19145.

10. Olde City Day School 1930 is a foreign corporation with a principal place of at 5534 Pulaski Ave., Philadelphia, PA 19145.

11. Kiddie Academy is a domestic corporation with a principal place of business at 3415 Box Hill Corporate Center Drive, Abingdon, MD 21009.

## JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction under 28 U.S.C § 1332.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTS

14. Mr. and Mrs. Capers are small business owners residing in Blue Bell, Pennsylvania.

15. Since 2007, the couple have owned and operated various child care businesses in towns and counties surrounding their home.

16. The couple's business began in 2007 when they—through their limited liability company, Pitter Patter—entered into a franchise agreement with Kiddie Academy, a nationwide child care franchisor.

17. Mr. and Mrs. Capers soon fell in love with their work and opened several other child care businesses under the "Olde City Day School" moniker in the Philadelphia area.

18. The decision to open several locations in the Philadelphia area was made because Kiddie Academy and other large child care providers focus their attention on the counties

surrounding Philadelphia, not the city itself.

19. In fact, Kiddie Academy does not operate within the city limits.

20. To address this issue, Olde City Day School was created to provide parents with affordable and high-quality childcare programs in the Philadelphia area.

21. Under Olde City Day School's current programming, students are instructed in language arts, creative expression, science, technology, math, social studies, literacy, physical activity, and music.

22. Olde City Day School currently services over 225 children in Philadelphia.

23. Of these 225 children, more than 90 have received subsidized tuition.

24. Moreover, Olde City Day School's affiliation with a state food program provides many children with their only opportunity to receive a hot meal on a daily basis.

25. Following the expansion of Mr. and Mrs. Capers' business, a dispute arose between Kiddie Academy and the Caper Parties.

26. The dispute was resolved in or around October 2016, when the Caper Parties and Kiddie Academy executed the Agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

27. Section 2 of the Agreement required Pitter Patter to transfer its ownership of the Pitter Patter Kiddie Academy franchise to a new franchisee. *Id*. at § 2.

28. Section 3 of the Agreement required the Capers Parties to remit certain payments to Kiddie Academy. *Id.* at § 3.

29. In addition to these requirements, the Agreement bound the Capers Parties to a restrictive covenant that severely limited their ability to do business in the child care sector. *Id.* at § 8.

30. Pursuant to Section 8(b) of the Agreement, the Caper Parties were prohibited from operating a child care business in the United States or Canada until they complied with their responsibilities under the Agreement. *Id.* at §8(b). The Olde City Day School locations in operation prior to the execution of the Agreement were excluded from this prohibition. *Id.*

31. Under Section 8(c), once the Caper Parties complied with the Agreement, the restrictive covenant would be modified to preclude the Caper Parties from operating a new child care business within twenty miles of all existing or planned Kiddie Academy franchises. *Id.* at § 8(c).

32. Moreover, Section 8(c) indicated that the restrictive covenant had no expiration date. *Id.* The provision also provided:

> In the event an expiration date is required by the Rule Against Perpetuities or any other such law, then the expiration shall be twenty-one years after the life in being of [Mr. Capers], [Mrs. Capers], and any children of either or bother of them who are currently alive.

*Id.*

33. Under Section 25 of the Agreement, the parties agreed that any disputes arising from the Agreement would be brought in "a court of competent jurisdiction for Harford County, Maryland." *Id.* § 25.

34. Under long-established Maryland and Pennsylvania law, such overbroad restrictive covenants are void and unenforceable.

35. On March 29, 2019, Kiddie Academy notified Mr. and Mrs. Capers, via letter ("the Letter"), that the Capers Parties had satisfied their obligations under the Agreement. A true and correct copy of the March 2019 Letter is attached hereto as **Exhibit B**.

36. In the Letter, Kiddie Academy also reminded Mr. and Mrs. Capers that the Capers Parties could not operate a new competing child care businesses within 20 miles of a Kidde

Academy franchise. *Id.*

37. To underscore the scope of the restriction, Kiddie Academy attached a map of the Pennsylvania—New Jersey—Delaware metro area that identified the locations in which the restrictive covenant applied. *Id.* at 3.

38. In essence, the map attached to the Letter indicated that Mr. and Mrs. Capers could not open a new child care business anywhere within southeastern Pennsylvania, northern Delaware, or western New Jersey. *Id.* In other words, the Capers Parties could not own or operate a new child care business within the metro area surrounding their home.

39. Recently, Mr. Capers was presented with an opportunity to provide child care services in Philadelphia and Montgomery County.

40. Notably, inner-city Philadelphia suffers from a dearth of affordable, high-quality childcare solutions for low-income households. *See, e.g.*, Mike McLeod, *Lack of Access to Quality, Affordable Day Care for Low-Income Families*, NBC PHILADELPHIA (Jan. 16, 2014, 8:59 AM), https://www.nbcphiladelphia.com/news/politics/Lack-of-Access-to-Quality-Affordable-Day-Care-for-Low-Income-Families-240486701.html.(A true and correct copy of the article is attached hereto as **Exhibit C**).

41. Mr. and Mrs. Capers' Olde City Day School programs have helped to address this issue and have played a valuable role in Philadelphia's Pre-Kindergarten program expansion.

42. In contrast, Kiddie Academy does not operate within Philadelphia County.

43. Moreover, Mr. and Mrs. Capers' current child care programs do not rely upon trade secrets developed by Kiddie Academy, nor do they mimic Kiddie Academy's facilities.

44. In light of these factors, in May, 2019, Mr. Capers—knowing that he could be found in default of Section 8(c) of the Agreement if he unilaterally moved forward with the

opportunity—contacted Kiddie Academy to determine if they would agree to lift, or otherwise modify, the restrictive covenant due to its unlawful duration.

45. On June 7. 2019, Kiddie Academy rejected Mr. Capers' proposal and indicated its desire to enforce the unlawful restrictive covenant.

46. Thus, Kiddie Academy's continued enforcement of it unlawful restrictive covenant has improperly prevented the Capers Parties from expanding their business and providing an affordable, well-respected child care solution to those that are in desperate need.

47. Should the restrictive covenant not be set aside, the Capers Parties will incur damages, including lost profits, in excess of $75,000.

## COUNT I
### Declaratory Relief

48. The Capers Parties incorporate the allegations contained in all prior paragraphs as if fully set forth herein.

49. An actual, present, and justiciable controversy has arisen between the Capers Parties and Kiddie Academy.

50. The Capers Parties' right to own and operate new child care businesses in the Pennsylvania-Delaware-New Jersey metro area was unlawfully affected by Kiddie Academy through the Agreement.

51. Specifically, the restrictive covenant contained in Section 8 of the Agreement prohibits the Capers Parties from owning and operating new child care businesses within a twenty-mile radius of an existing or planned Kiddie Academy Franchise for an unlawful term. This preclusion applies to Philadelphia County, a county in which Kiddie Academy does not operate.

WHEREFORE, the Capers Parties respectfully request a declaratory judgment finding that the restrictive covenant contained in Section 8 of the Agreement is unenforceable.

### JURY DEMAND

The Capers Parties respectfully request a trial by jury on all issues so triable.

October 3, 2019

Respectfully submitted,

*By Counsel,*

*/s/ Martin J. Amundson*
Martin J. Amundson (Md. Fed. Bar No. 19788)
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW, Suite 300
Washington, D.C. 20006-3807
Tel.:   (202) 452-7977
Fax:   (202) 452-7989
Email: martin.amundson@bipc.com

*Counsel for Plaintiffs William Capers, Jr., Dana Capers, Pitter Patter Learning Center, LLC, The Capers Company, LLC, The Olde City Day School, LLC, and Olde City Day School, 1930 South Broad Street, LLC*