IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM CAPERS, JR., et al.   *
            *
    Plaintiffs,      *
            *
    vs.         *   Civil Action No. ADC-19-2911
            *
KIDDIE ACADEMY DOMESTIC   *
FRANCHISING, LLC      *
            *
    Defendant.     *
            *
* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

### Introduction

The Defendant has filed a motion to dismiss the complaint pursuant to the doctrine of *forum non conveniens* and Fed. R. Civ. P. 26. In essence, Defendant relies upon the language of the contract in dispute which requires the party to litigate any dispute in a "court of competent jurisdiction for Harford County, Maryland". ECF 18-1. p.2. Defendant argues that this language means either the District Court of Maryland for Harford County or the Circuit Court for Harford County, Maryland. Plaintiffs argue that the language necessarily includes the United States District Court for the District of Maryland where also under the contract, Maryland law would apply. For the reasons stated below, the Court agrees with Plaintiffs and the Motion to Dismiss is DENIED.

### Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. The case before the Court requires this Court to interpret the language of the agreement, a legal determination.

### Analysis

In Maryland, when interpreting a contract, courts "seek to ascertain and effectuate the intention of the contracting parties." *Phoenix Services Ltd. Partnership v. Johns Hopkins Hosp.*, 167 Md.App. 327, 392 (2006). In ascertaining the parties' intent, Maryland adheres to the objective theory of contract interpretation. *See Dumbarton Imp. Ass'n, Inc. v. Druid Ridge Cemetery Co.*, 434 Md. 37, 51 (2013). The objective theory of contract interpretation requires that a court "must first determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated. In addition, when the language of the contract is plain and unambiguous there is no room for construction, and a court must presume that the parties meant what they expressed. In these circumstances, the true

test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant." *Myers v. Kayhoe,* 391 Md. 188, 198 (2006) (quoting *Dennis v. Fire & Police Employees' Ret. Sys.,* 390 Md. 639, 656–57, 890 A.2d 737 (2006)).

The process for determining the intent of the contracting parties is well established in Maryland. First, a court must ascertain whether the agreement is ambiguous. Language in a contract "may be ambiguous if it is 'general' and may suggest two meanings to a reasonably prudent layperson." *Pac. Indem. Co. v. Interstate Fire & Cas. Co.,* 302 Md. 383, 389 (1985). However, this Court has acknowledged that a contract is not ambiguous merely because the parties disagree as to its meaning. *See Fultz v. Shaffer,* 111 Md.App. 278, 299 (1996). Contracts are interpreted as a whole, and all disputed terms are to be interpreted in context. *See Phoenix Services,* 167 Md.App. at 392–93. A court's next step depends on whether it finds that the contract is ambiguous or unambiguous.

If it finds that a contract is unambiguous, then it must only look to the language of the contract to determine the intent of the parties. *See Phoenix Services,* 167 Md.App. at 392. A court must presume that the terms expressed in the agreement are what the parties intended, regardless of what the parties may have meant, but did not state in the contract. *Id.* When contract language is clear and unambiguous, there is no room for construction and courts may not consider what the parties thought the agreement meant. *See General Motors Acceptance Corp. v. Daniels,* 303 Md. 254, 261, (1985). *See also Phoenix Services,* 167 Md.App. at 392. If, on the other hand, a court finds that the contract is ambiguous, it must follow the second alternative, which is considering parol and/or extrinsic evidence to determine the parties' intent when the contract was made. *Id.* at 393.

3

The language at issue here in the Agreement between the parties is as follows:

> "Any and all claims, actions, or causes of action related to or arising from the terms of this Agreement must be brought in a court of competent jurisdiction for Harford County, Maryland, and the Parties hereto, including PPLC, W. Capers, D. Capers, TCC, OCDS, and OCDS 1930, do hereby waive all questions of personal and subject matter jurisdiction or venue for the purpose of carrying out this provision; provided, however, if KADF moves its corporate offices to another state, the courts of competent jurisdiction in the county to which the corporate offices are moved shall replace Harford County, Maryland for purposes of this Paragraph."

Compl., Ex. A at ¶ 25.

It is clear and unambiguous that the language above includes all courts of competent jurisdiction for Harford County. The parties could easily have designated "state courts" or excluded "federal court" but did not. With the language being clear and unambiguous, there is no room for construction and the court need not consider what the parties meant. *General Motors Acceptance Corp. v. Daniels*, 303 Md. 254, 261, (1985). Therefore, the motion to dismiss is DENIED. A separate Order will follow.

Date: 17 December 2014

A. David Copperthite
United States Magistrate Judge

4